SARA FUCHS, Plaintiff, *v.* LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Defendant.

Supreme Court, Special Term, Westchester County, August 12, 1939.

*I. Leonard Cohen,* for the plaintiff.

*Evans & Rees* [*W. H. Williamson* and *H. Bradley Moore* of counsel], for the defendant.

DAVIS (L. P.), J. This motion for summary judgment presents the novel question whether a plaintiff who commenced an action for personal injuries, and married the defendant in that action during the pendency thereof, may compel said defendant's insurance carrier to satisfy the judgment entered in her favor in that action. Had the parties to the original action been married at the time when the action was commenced, the insurer would not have been liable. (Insurance Law, § 109.) The plaintiff contends that the statute has no application where the action was instituted before the inter-marriage of the litigants. For two distinct reasons I consider this contention unsound.

Section 109, subdivision 3-a, of the Insurance Law provides that " no such policy * * * shall be deemed to insure against *any liability* of an insured for injuries to his or her spouse, * * * unless express provision for such insurance is included in the policy." The controlling consideration is the status of the parties at the time when liability arose, rather than their status when the injury was sustained or the action commenced. A policy of this character is a contract of indemnity. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Weatherwax* v. *Royal Indemnity Co.*, 250 id. 281.) Liability under such a contract does not accrue until the entry of judgment. (*755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157.) When judgment was entered in the personal injury action the plaintiff and the insured were man and wife. Against the liability which then arose on the part of the insured to his wife, the policy did not afford protection under the statute.

This construction of the statute is in accord with sound public policy. Prior to 1937 an action would not lie between spouses for personal injuries. (*Mertz* v. *Mertz*, 271 N. Y. 466.) By chapter 699 of the Laws of 1937 the Legislature changed the law and created the cause of action which at common law had been denied. By the very same chapter, subdivision 3-a of section 109 of the Insurance Law was enacted. The purpose and policy of the Legislature in making these simultaneous enactments is unmistakably clear. The object was to authorize personal injury actions between spouses, and at the same time to guard against the mulcting of insurance companies by means of collusive actions between husband and wife. It must have been the intent of the Legislature to accomplish this object whether the parties were married before or after the commencement of the tort action, for the danger of collusion is the same in either case. To hold the insurer liable in a case such as this would tend to defeat the legislative policy and open the door to fraud.

The motion is denied. Order on notice.