SARA FUCHS, Appellant, *v.* LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Respondent.*

Second Department, January 29, 1940.

---

* Affg. 171 Misc. 908.

*I. Leonard Cohen* [*D. P. Dewell* with him on the brief], for the appellant.

*H. Bradley Moore* [*W. H. Williamson* with him on the brief], for the respondent.

CLOSE, J. The action is brought under section 109 of the Insurance Law to recover from an insurance carrier the amount due on an unsatisfied judgment entered in an action for personal injuries. The facts are unusual. On January 2, 1938, plaintiff sustained personal injuries while riding as a passenger in an automobile owned and operated by one Hersch Fuchs. On January 10, 1938, she commenced an action against Fuchs in the Supreme Court, Bronx county, alleging negligence. Fuchs carried a $5,000 liability policy issued by the defendant, and defendant's attorney appeared for Fuchs in the action. On January thirtieth, four weeks after the accident, the plaintiff and Fuchs were married.

Some three months later the defendant learned of the marriage and disclaimed liability. When the action was reached for trial no one appeared for the defendant Fuchs, whereupon the plaintiff took an inquest and was awarded $1,500 damages. Judgment for that amount, with costs, was entered on December 6, 1938, and a copy was served on the attorneys for the insurance carrier. The judgment still remaining unsatisfied more than thirty days after the service of notice of its entry, the plaintiff commenced this action. At Special Term her motion for summary judgment has been denied. The defendant bases its denial of liability on subdivision 3-a of section 109 of the Insurance Law (as added by Laws of 1937, chap. 669), which reads as follows: " No such policy, however, heretofore or hereafter issued shall be deemed to insure against any liability of an insured for injuries to his or her spouse or for injury to property of his or her spouse, unless express provision for such insurance is included in the policy."

The policy here contains no express provision insuring against liability for injuries to the spouse of the insured. If the insured and the plaintiff had been husband and wife at the time when the personal injury action was commenced there could be no recovery on the policy. But the language of the .statute is broad enough to include also a case where the parties marry during the pendency of the action. It recognizes the fact that policies of this kind insure only against liability incurred by the insured. In fact, the insurer's obligation under the policy in this case is " To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law." Hence, under both the statute and the policy the insurer's obligation to pay does not arise until liability is imposed upon the insured. Since such policies are contracts of indemnity (*Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281), there is no right of recovery thereunder until the insured has sustained damage through the entry of judgment against him. (*755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157.) If at that point the parties to the personal injury action are husband and wife, the policy provides no protection to the insured against the liability which then for the first time comes into existence.

This conclusion is confirmed by the circumstances under which subdivision 3-a of section 109 of the Insurance Law was enacted. That statute is merely a by-product of an important amendment to the Domestic Relations Law. Prior to 1937 a husband was not liable to his wife for personal injuries resulting from negligence. (*Mertz* v. *Mertz*, 271 N. Y. 466.) Chapter 669 of the Laws of 1937 contained four pertinent sections. The first section amended section 57 of the Domestic Relations Law by granting to either spouse a right of action against the other for negligent injury to person or property. The second section added subdivision 3-a to section 109 of the Insurance Law. The third and fourth sections amended the Vehicle and Traffic Law by providing that policies of insurance issued to motor vehicle owners need not insure against injuries to the spouse of the owner. These simultaneous enactments disclose a considered legislative intent to create a right of action theretofore denied, and at the same time to protect insurance carriers against loss through collusive actions between husband and wife. In such actions there is a manifest opportunity for fraud, and the temptation is no less in a case like this, where the parties marry while the action is pending, than in a case where they were husband and wife at the time the injuries were sustained. If the Legislature intended to forestall fraudulent actions between spouses at the expense of insurance carriers, it would be in harmony with that purpose to hold that the statute was intended as a bar to this action.

Nothing to the contrary is to be found in *Rozell* v. *Rozell* (281 N. Y. 106). There it was held that an action for negligence will lie between brother and sister, and that such an action is not contrary to public policy. There is no such question here. No one doubts the plaintiff's right to sue her husband. That right is expressly sanctioned by statute. The question is whether, having availed herself of that right successfully, she may collect her damages from the husband's insurer. In our judgment the Legislature has established a definite policy which prevents such a recovery in this case.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, JOHNSTON and ADEL, JJ., concur.

Order denying plaintiff's motion for summary judgment affirmed, with ten dollars costs and disbursements.