**GENERAL ACCIDENT FIRE & LIFE ASSUR. CORPORATION, Limited, OF PERTH, SCOTLAND, v. MORGAN et al.**

District Court, W. D. New York.

April 27, 1940.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for plaintiff.

Walter F. Hofheins, of Buffalo, N. Y., for defendant Sackett.

H. B. Butterfield, of Buffalo, N. Y., for defendant Morgan.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y., for Lehigh Valley R. Co.

BURKE, District Judge.

This is an action to obtain a declaratory judgment respecting the rights and obligations under an insurance policy. On January 2nd, 1939, Herbert I. Sackett and Kathleen Sackett, his wife, and their infant daughter Susan B. Sackett were killed in a collision between an automobile in which they were riding and a Lehigh Valley train. In April, 1938, the plaintiff had issued to Herbert I. Sackett an automobile liability policy which at the time of the accident covered the automobile involved in the collision. Alfred C. Morgan has been appointed administrator of the estate of Kathleen Sackett who left her surviving two infant sons by a former marriage. He has also been appointed general guardian of the two infants. Russell P. Sackett has been appointed administrator with the will annexed of the estate of Herbert I. Sackett. He has also been appointed administrator of the estate of Susan B. Sackett. Alfred C. Morgan as administrator of the estate of Kathleen Sackett has brought an action in the Supreme Court of the State of New York against the defendant Lehigh Valley Railroad Company and the defendant Russell P. Sackett; as administrator with the will annexed of the estate of Herbert I. Sackett claiming that the accident and death of the said Kathleen Sackett was caused solely by the negligence of the defendant Herbert I. Sackett and of the Lehigh Valley Railroad Company. The defendant Russell P. Sackett as administrator has demanded that the plaintiff herein defend the action in accordance with the terms of the policy of insurance.

The plaintiff contends that it has never had any effectual notice of the accident as required by the terms and conditions of the policy, that it has no obligation to defend the action now pending in the state courts, that the administrator of the estate of Kathleen Sackett has no cause of action to recover damages for her death even if the same was caused by the negligence of her husband, and that in any event there can be no liability under the policy for damages for negligence causing the death of Kathleen Sackett because liability therefore was not expressly provided by the terms of the policy.

The plaintiff is entitled to have its rights and obligations under the policy of insurance determined by declaratory judgment, 28 U.S.C.A. § 400. An actual controversy exists as between the plaintiff as insurer and the estate of Herbert I. Sackett as insured. The fact that a suit is pending in the state courts involving some of the same issues is no ground for refusing the remedy. The controversy between the insurer and insured will not be determined in that suit. Whether proper notice was given under the policy and whether the plaintiff is under a duty to defend cannot be determined there. Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665, 669.

By virtue of Section 130 of the Decedent Estate Law, Consol.Laws N.Y. c. 13, an executor or an administrator of a decedent who has left him surviving a husband, wife or next of kin, has a right of action to recover damages for negligence by which the decedent's death was caused against a person who would have been liable to the decedent if he had lived. It is the claim of the plaintiff that this section gave no right of action to the wife's administrator against her husband's estate because the right of action of a wife to recover against her husband for injuries occasioned by his negligence was not created until the enactment of Section 57 of the Domestic Relations Law in 1937, Consol.Laws N.Y. c. 14, subsequent to the enactment of Section 130 of the Decedent Estate Law. No test other than the one prescribed by the statute is warranted. Sackett would have been liable to an action for negligence brought by his wife if she had survived. The action did not abate by reason of his death. Decedent Estate Law, Sec. 118. Therefore her administrator has a right of action against the husband's administrator.

The policy contains no express provision insuring against liability for injuries to the spouse of the insured as provided by Section 109, subdivision 3-a of the Insurance Law, Consol.Laws N.Y. c. 28. Plaintiff contends therefore that there is no liability under the policy for death of the spouse resulting from injuries. This subdivision was added by Laws of 1937, c. 669, § 2. It would seem that the legislature in enacting subdivision 3-a did not intend to require express provision for insurance covering liability for death of a spouse caused by the negligence of the insured. In amending subdivision 3, immediately preceding subdivision 3-a, in 1936, c.

433, the legislature had occasion to use the phrase "injuries to person" in connection with a required provision for liability in insurance policies. In amending that section it required certain provisions in policies insuring owners "against liability for damages for death or injuries to person," etc. Since the phrase "for death" was used there in addition to the phrase "or injuries to person" it would seem that it was advisedly omitted from subdivision 3-a. This subdivision was intended to prevent fraudulent actions between spouses at the expense of insurance companies. Fuchs **v.** London & Lancashire Indemnity Company, 258 App.Div. 603, 17 N.Y.S.2d 338. There is no ground for enlarging the effect of the statute by construing it to include the purpose of forestalling fraudulent actions between others than spouses.

■ The evidence warrants a finding that notice of the accident was given by telephone to the general agents on January 6th, 1939. On or about Feb. 1, 1939, the policy was returned by a broker to the general agents for cancellation. It is claimed the letter of the broker to the general agents accompanying the return of the policy for cancellation constituted written notice in accordance with the requirement of the policy, that there was a waiver of the terms of the policy relating to the requirement for written notice, and that the plaintiff is estopped from claiming that written notice was required in case of an accident. The letter accompanying the return of the policy for cancellation did not constitute written notice. It purported to be nothing more than a request for cancellation. The plaintiff urges upon the authority of Weatherwax v. Royal Indemnity Co. 250 N.Y. 281, 165 N.E. 293, and cases cited therein, that the general agents had no authority to waive written notice because their authority was limited in the policy itself and that this was notice to the insured of such limited authority. The argument that written notice was necessary would prevail if the policy stood alone. We cannot overlook the fact, however, that a service card was issued by the company through its general agents at the same time that the endorsement covering the automobile in question was issued. The card contained an instruction, in case of accident, to notify the nearest General Accident representative by phone, wire, or letter giving full details. The general agents had apparent authority to issue it

as well as authority to issue the endorsement. A similar service card covering the first insured car was issued by the company through its general agents at the time the original policy was issued. The insured or his legal representative had a right to rely on the instructions contained in the service card. The policy and the service card must be construed together to determine what notice was required in case of an accident. Under the circumstances the plaintiff is estopped from claiming that written notice was required.

Submit findings of fact, conclusions of law and a proposed judgment in accordance herewith.