ELIZABETH C. STONBOROUGH, Plaintiff, *v.* PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, February 28, 1943.

*James A. Doherty* for plaintiff.

*Irving I. Goldsmith, Walter M. Henkle* and *Joseph L. Roesch* for defendant.

SHIENTAG, J. On April 29, 1939, the defendant, a New York insurance company, issued a " Motor Vehicle Liability Policy " to the assured therein named, in which it agreed to pay on behalf of the assured all sums which the assured should become obligated to pay by reason of the liability imposed on him by law for damages because of bodily injury sustained by any person arising out of the ownership or use of the assured's automobile.

While the plaintiff herein was riding in the assured's automobile on June 30, 1939, she received injuries arising out of an accident in which the automobile was involved. On August 9, 1939, plaintiff married the assured and a few days thereafter instituted an action against the assured, then her husband, to recover damages for the injuries she had sustained in the accident. The insurance carrier, the defendant herein, assumed the defense of that action. A few months later it learned of the marriage and thereafter disclaimed any liability under its policy of insurance upon the ground that the " injuries sustained to your wife are not covered by your policy of insurance " and terminated its defense of the negligence action. This disclaimer of liability was predicated upon subdivision 3 of section 167 of the Insurance Law (formerly § 109, subd. 3-a) which provides substantially that no motor vehicle liability policy shall be deemed to insure against any liability of an insured for negligence to his or her spouse unless express provision for such insurance is included in the policy. The insurance contract herein did not contain any such coverage clause.

Thereafter plaintiff entered a default judgment against the insured which was not satisfied and brings this present action against the defendant carrier to recover the amount of the judgment obtained by her. The facts are not in dispute. The parties have moved for judgment on the pleadings. The question of law that arises is whether the insurance carrier is liable to the plaintiff for the amount of the unsatisfied judgment obtained by her against her husband. The determination of that question depends upon whether the carrier's liability arose on the date of the happening of the accident when the plaintiff and the assured were unmarried, or whether its liability first accrued when the judgment was obtained and at which time the marriage status existed. If the latter is true, then the absence of an express provision in the policy covering the assured's spouse would forbid fastening liability upon the defendant.

Prior to 1937, a husband was not liable to his wife for personal injuries resulting from his negligence. (*Longendyke* v. *Longendyke,* 44 Barb. 366; *Mertz* v. *Mertz,* 271 N. Y. 466.) In that year the law was amended by granting to either spouse a right of action against the other for negligent injury to person or property, so that such suit is no longer against the public policy of New York. (See Domestic Relations Law, § 57, amd. L. 1937, ch. 669; *Rozell* v. *Rozell,* 281 N. Y. 106, 110; *Coster* v. *Coster,* 289 N. Y. 438, 442.)

In order to make it possible for an insurance carrier to relieve itself of liability in situations where the wife was injured while riding in the automobile of her husband, the law provided that unless the policy specifically covered an injury to a spouse, such liability would not be deemed included within the terms of the policy.

The defendant's contention is that its policy of insurance is one of indemnity and therefore liability did not attach thereunder until judgment was obtained. The policy, however, does not contain the words " indemnity " or " indemnify." (Cf. *Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y 271, 273.) Many of the obligations of the policy attach long before judgment against the assured is rendered. For instance, upon the happening of the accident, the insured is required to pay for such immediate medical and surgical relief as shall be imperative at the time of the accident; to pay all premiums on bonds to release attachments for an amount not in excess of the limits of liability; to defend in the name of the assured all suits and, in addition, to pay damages and expenses incurred in the litigation. Moreover, insurance policies are to be construed, in cases of ambiguity, against the insurer. (*Matter of Jaabeck* v. *Crane's Sons Co.,* 238 N. Y. 314, 322; *Killian* v. *Metropolitan Life Ins. Co.,* 251 N. Y. 44, 47; *Gerka* v. *Fidelity & Cas. Co.,* 251 N. Y. 51, 55.) This rule applies even where the policy is the standard form (*Gridley* v. *Home Ins. Co.,* 226 App. Div. 596, 599, affd. 254 N. Y. 635), as here.

The cases have recognized a distinction between a situation where it is important to decide when liability arose, and one which turns on when the liability became fixed. The former is crucial here. (Cf. *Materazzi* v. *Commercial Cas. Ins. Co.,* 157 Misc. 365, affd. 246 App. Div. 522.) In *755 Seventh Avenue Corp.* v. *Carroll* (266 N. Y. 157), the Court of Appeals had before it an action on a construction bond, wherein the defendant unconditionally guaranteed that the builder would pay the entire cost of the construction of a building. After mechanics'

liens were filed, upon nonpayment of amounts due the contractors, the plaintiff sued on the agreement. Meanwhile, the property on which the construction work had been done was sold in foreclosure, under a prior real estate mortgage. The court there held (p. 163) : " The indemnity agreement was breached the moment the liability was imposed by the filing of the liens, though the amount was not fixed until the judgment in the lien action was rendered on May 26, 1933." (See, also, *Schroeder* v. *Columbia Cas. Co.*, 126 Misc. 205.)

The policy of insurance herein is entitled " Motor Vehicle Liability Policy." Such a policy is clearly defined in section 94-k of the Vehicle and Traffic Law, in effect since April 22, 1931 (L. 1931, ch. 669). The incidents of this policy, therefore, have been legislatively prescribed, and reference to previously decided cases is not helpful. One of the provisions of this law is as follows (amd. L. 1935, ch. 795) : " *Such motor vehicle liability policy shall be subject to the following provisions, which need not be contained therein:* (a) The liability of any company under a motor vehicle liability policy shall become absolute whenever loss or damage covered by said policy occurs, and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the carrier to make payment on account of such loss or damage. No such policy shall be canceled or annulled as respects any loss or damage by any agreement between the carrier and the insured after the said insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. If the death of the insured shall occur after the insured has become liable during the policy period for loss or damage covered by the policy, the policy shall not be deemed terminated by such death with respect to such liability and the company shall be liable thereunder in the same manner and to the same extent as though death had not occurred. *Upon recovery of a final judgment against any person for any such loss or damage, if the judgment debtor or the decedent whom he represents was at the accrual of the cause of action insured against liability therefor under a motor vehicle liability policy, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment.* But the policy may provide that the insured, or any other person covered by the policy, shall reimburse the company for payments made on account of any accident, claim or suit involving a breach of the terms, provisions or conditions of the policy; and further, if the policy shall provide for limits in excess of the limits designated in this sec-

tion, the insurance carrier may plead against such judgment creditor, with respect to the amount of such excess limits of liability, any defenses which it may be entitled to plead against the insured. Any such policy may further provide for the prorating of the insurance thereunder with other applicable valid and collectible insurance.'' (Italics supplied.)

It seems clear from the provisions of the Vehicle and Traffic Law defining liability under a policy of insurance such as the one herein, that the liability of the carrier arises at the time of the happening of the accident and not at the time judgment may be obtained against the assured. Such a determination makes for certainty, eliminates ambiguity and fixes a definite point of determination of liability. Otherwise it can readily be seen that a shifting, indefinite liability would result.

If at the time of the happening of the accident the insured and the injured person were unmarried and remained so at the time judgment was obtained in an action brought to recover damages for personal injuries, liability on the part of the carrier would be clear. If they entered into the marriage status before the judgment was obtained, liability of the carrier would terminate if we uphold the contentions of the defendant. Suppose, however, the parties were unmarried at the time of the accident, became married either before or after institution of suit, but were divorced before any judgment was obtained. Would the carrier's liability terminate completely because of the marriage, or would the fact of divorce, at the time judgment was rendered, control? In other words should the liability of the carrier be predicated upon the marital status and be dependent upon shifting marital situations, leaving the assured uncertain as to whether or not he was protected? The position taken by the defendant herein would lead to such results. Such flux and uncertainty as to the respective rights and obligations of the assured and the carrier are not within the contemplation of the insurance contract.

It has been urged that to hold the insurer liable in a case such as this would open the door to fraud. That possibility is rather remote, but in any event there is no more likelihood of fraud, in fact there is less, where the victim of the accident marries the person responsible for the accident, before the judgment is rendered, than there would be if the marriage takes place immediately after the judgment is obtained.

The court is not unmindful that *Fuchs* v. *London & Lancashire Indemnity Co.* (258 App. Div. 603, affg. 171 Misc. 908), decided by the Appellate Division of the Second Department, is

contrary to the conclusion reached here. That court apparently proceeded on the assumption that the policy in question was a strict indemnity policy and that liability under such a contract did not accrue until the entry of judgment. Such a construction, however, overlooks the provisions of section 94-k of the Vehicle and Traffic Law (which were not referred to in the briefs submitted in the *Fuchs* case), and the terms of the contract which subject the insurer to obligation prior to the entry of judgment. Judgment on the pleadings is granted in favor of the plaintiff. Settle order providing for thirty days' stay of execution.