Ernest E. L. Hammer, J.
This action is for a judgment declaratory of the rights of the parties under an automobile liability policy of insurance. The facts have been stipulated in an agreed statement which is in the record. It is there agreed:
“ That prior to the commencement of the within action, Samuel Zinman, as administrator of the goods, chattels and credits of Edith Newman, deceased, brought an action in the Supreme Court, Bronx County, against Maurice Newman and others to recover damages for her death in the accident of August 16, 1941 as a result of the alleged negligence of one or all of the defendants named.
“ On August 16, 1941, * * * Edith Newman, deceased, while riding as a passenger in an automobile owned and operated by her husband, Maurice Newman, sustained certain injuries which resulted in her death when the vehicle in which she was riding was involved in an accident.
‘‘ That on the date of the aforesaid accident and for some time prior thereto, Edith Newman and Maurice Newman were husband and wife.
“ That subsequent to the service of the summons and complaint in said action upon the defendant Maurice Newman he tendered the same to the plaintiff Standard Accident Insurance Company for defense contending that the cause of action set forth therein was covered under the terms of the policy * * * “ That prior to the commencement of this action for a declaratory judgment, the Standard Accident Insurance Company undertook the defense of the aforesaid action brought in the Supreme Court, Bronx County, by Samuel Zinman, as Administrator of the goods, chattels and credits of Edith Newman, deceased, against Maurice Newman and others to recover damages for her death * * * and appeared on behalf of the defendant Maurice Newman in said action pursuant to an agreement * * * between the plaintiff * * * and * * * Newman wherein * * * it was * * * agreed * * * that the Standard Accident Insurance Company would undertake the investigation and defense of the *350 claim and suit brought by Samuel Zinman as administrator against Maurice Newman and others while at the same time reserving for future determination all questions of coverage under the policy and it was * * * agreed * * * that either the Standard Accident Insurance Company or Maurice Newman should have a right at any time to secure an adjudication as to their respective rights and liabilities under the policy in any manner provided by law and that neither * * * would, as between themselves, be deemed to have waived any of the terms and conditions of the policy * * *.
“ That Samuel Zinman, as Administrator, etc. * * *, was not a party to the aforesaid agreement * * *.
‘‘ That there is no issue of collusion between Maurice Newman and Samuel Zinman, as Administrator, involved in this action for a declaratory judgment.”
The plaintiff insurance company issued to the defendant Maurice Newman its policy dated April 9, 1941 for a period of one year. Under the terms of the policy the plaintiff agreed to
“ Pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.
“ Defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent.
“ Pay all premiums on bonds to release attachments, etc.”
The policy limit was $25,000 for each person and $50,000 for each accident.
Section 167 of the Insurance Law and former section 109, as amended, required standard provisions in automobile liability policies, which, at the times under consideration here were as follows: (1) (a) Insolvency of insured would not release carrier (b) if judgment against insured remained unpaid for thirty days after service of notice of entry an action might be maintained against the carrier except during time of stay of execution; (c) notice to an authorized agent was notice to the carrier, (d) failure to notify if giving notice was not reasonably possible within the time prescribed but given as soon as reasonably possible would not invalidate the claim; (2) loss occasioned by any person legally using or operating the automobile was covered; (3) injuries to spouse hereafter quoted and considered; (4) subdivision 4, as amended by chapter 507 of the Laws of 1940, *351 effective April 15, 1940, refers to provisions as not applicable to certain compensation liabilities; (5) in defense to action under paragraph (b) of subdivision 1 of failure or refusal of insured to co-operate insurer has burden of proof. Each subdivision required the inclusion of the above or provisions equally or more favorable to the insured and to judgment creditors in policies issued or delivered in the State of New York. Subdivision 4 in old section 109 provided a general saving clause rendering policies not conforming to such requirements valid but inclusory of the required provisions. A similar saving provision has been continued in new section 143. Section 109 as well as section 167 had reference to any such policy issued to insure against liability for death or injuries to person or property. Prior to 1937, however, the law did not permit either spouse to sue the other for personal injuries. A reciprocal disability was attached to the marriage status which precluded such suit. (Mertz v. Mertz, 271 N. Y. 466.) The Legislature, in that year, enacted chapter 669 of the Laws of 1937. The first section thereof amended section 57 of the Domestic Relations Law by granting either spouse a right of action against the other for negligent injury to person or property. The second section added subdivision 3-a to section 109 of the Insurance Law. The new provision read: “ No such policy, however, heretofore or hereafter issued shall be deemed to insure against any liability of an insured for injuries to his or her spouse or for injury to property of his or her spouse, unless express provision for such insurance is included in the policy. ’’
The third and fourth sections amended the Vehicle and Traffic Law by conforming policy requirements to the amendments provided by the same act to the Domestic Relations Law and the Insurance Law. The amendment to sections 59 and 94-k of the Vehicle and Traffic Law defined “ [m]otor vehicle liability policy ’ ’ provided minimum amounts of coverage, that the hazards insured were death, personal injury and property damage due to negligent operation, and general standard requirements. A significant part of the amendment to sections 59 and 94-k as they then read, was a,s follows: ‘‘ this provision shall not be construed as requiring that such a policy include insurance against any liability of the insured, being an individual, for injuries to his or her spouse or for injury to property of his or her spouse.”
In Fuchs v. London & Lancashire Ind. Co. of America (258 App. Div. 603, 605) it is aptly stated: “ These simultaneous enactments disclose a considered legislative intent to create a right of action theretofore denied, and at the same time to pro *352 teet insurance carriers against loss through collusive actions between husband and wife.”
It might have been added that the new enactments even in cases concededly involving no collusion did not permit recovery from an insurance company “ unless express provision for such insurance is included in the policy. ’ ’
On or about June 15, 1939 subdivision 3 of section 167 of the Insurance Law was amended to read as follows: “ 3. No policy or contract shall be deemed to insure against any liability of an insured because of injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.” (L. 1939, ch. 882.)
On April 27, 1940 a decision in General Acc. Fire & Assur. Corp. v. Morgan (33 F. Supp. 190, 191-192) was rendered. The court there stated: “ The policy contains no express provision insuring against liability for injuries to the spouse of the insured as provided by Section 109, subdivision 3-a of the Insurance Law * * * Plaintiff contends therefore that there is no liability under the policy for death of the spouse resulting from injuries. This subdivision was added by Laws of 1937, c. 669, § 2. It would seem that the legislature in enacting subdivision 3-a did not intend to require express provision for insurance covering liability for death of a spouse caused by the negligence of the insured. In amending subdivision 3, immediately preceding subdivision 3-a in 1936, c. 433, the legislature had occasion to use the phrase ‘ injuries to person ’ in connection with a required provision for liability in insurance policies. In amending that section it required certain provisions in policies insuring owners ‘ against liability for damages for death or injuries to person, ’ etc. Since the phrase ‘ for death ’ was used there in addition to the phrase ‘ or injuries to person ’ it would seem that it was advisedly omitted from subdivision 3-a.”
On April 21, 1941 by chapter 627 of the Laws of 1941 subdivision 3 of section 167 of the Insurance Law was amended to read as follows: “ 3. No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.”
Upon the trial defendant Newman offered to prove, and on objection the offer to prove was excluded, that his deceased wife left surviving the defendant, her husband, and a son 19 years of age by a prior marriage; that he opposed the appointment *353 of Zinman, his wife’s brother, a lawyer, as administrator of the estate; that if the plaintiff would defend his action he was willing to waive any share in any recovery that might be awarded against him in the death action; and that insurance companies will not issue policies with express provision relating specifically to liability of an insured spouse because of death of or injuries to the other spouse or injury to or destruction of the property of such other spouse.
The plaintiff argues that the cause of action of Zinman, as administrator, etc., against Newman is excluded from coverage under plaintiff’s policy by operation of the statutes of 1937 and the later enactment by which the legislative intent was clarified in the amendment of April 21, 1941, 12 days after the policy period commenced. The plaintiff urges that this exclusion was clearly intended by the Legislature, to apply to existing policies, especially as the law reads: “ No policy or contract shall be deemed to insure ”.
The argument is that if it were intended not to apply to policies then in existence it would read: “No policy hereafter issued ”.
Plaintiff further argues that the rapid action of the Legislature in passing the amendment immediately after the decision of the United States District Court in the case of General Acc. Fire & Assur. Corp. v. Morgan (supra) connotes a determination to correct any misapprehension which might arise from that decision and dispel any doubt in respect of legislative intention in respect of existing policies.
Defendants Newman and Zinman contend that the law at the date of the policy controls and it did not exclude coverage for the death of Newman’s wife and place reliance upon Zinman v. Newman (51 N. Y. S. 2d 132, affd. 265 App. Div. 998; General Acc. Fire & Assur. Corp. v. Morgan, supra; Ward v. Iroquois Gas Corp., 258 N. Y. 124, 129; Stonborough v. Preferred Acc. Ins. Co. of N. Y., 180 Misc. 339, affd. without opinion, 266 App. Div. 838).
In Zinman v. Newman (supra) it was held that the death action based on negligent operation of his automobile by the husband Newman was maintainable. Undoubtedly that is good law. But the action is maintainable only by virtue of the enactment of chapter 669 of the Laws of 1937, which created “ a right of action ” theretofore denied in favor of either spouse against the other for negligent injury to person. Since a spouse was thus enabled to sue, a consequent right became operative under the prior existing provision of section 130 of the Decedent Estate Law by virtue of which, if the injured spouse died, *354 “ [t]he executor or administrator duly appointed * * * of a decedent who has left * * * surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, * * * by which the decedent’s death was caused, against a natural person who * * * would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.” It is a condition precedent to the death action that the injured person had a right of action at death to recover for the personal injuries. (Littlewood v. Mayor, Aldermen and Commonalty of City of N. Y., 89 N. Y. 24; Kelliher v. New York Central & Hudson Riv. R. R. Co., 212 N. Y. 207.) A judgment recovered for personal injuries by a decedent during his life is a complete defense and bar to an action for wrongful death. (Kwiatkowski v. John Lowry, Inc., 276 N. Y. 126; Fontheim v. Third Ave. Ry. Co., 257 App. Div. 147, and cases cited.)
‘‘ The foundation of every action of this kind is in the injury which caused the death, and not merely in the fact of death itself ” (Fontheim v. Third Ave. Ry. Co., 257 App. Div. 147, 152, supra). The Legislature in creating the new remedy of an action for the injury carefully provided protection by the same enactment for insurance companies under which they were freed from existing liability. (Insurance Law, § 109.) But, perforce of legal implication, there was created a consequent action for wrongful death under section 130 of the Decedent Estate Law. Legislative knowledge of existing law and change of same by implication arising from new enactment is presumed. It would be an anomalous situation if the enactment of chapter 669 of the Laws of 1937, in expressly creating the injury action and protecting insurers from liability, impliedly created a death action, but by implication withheld the express protection from an insurer. It is unthinkable that the Legislature overlooked the implications arising in either instance. Equity seems to require the construction that the same force of implication by which the consequent death action arose gave rise also to the extension thereto of the protective provisions for the insurer expressed in respect of the foundation action.
It seems unarguable that an action by a wife against her husband for his negligence causing injury to her, where the damages are collectible solely against him and his property, has connotations entirely different from a similar action where the claim is collectible against an insurance company. Recognition is given to this in the express language and intent of the statute and the purpose behind the protection of insurance carriers against loss through collusion. The possibility of collusion was *355 the reason underlying the prohibition of insurance against such a hazard unless express provision relating specifically thereto was included in the policy. While some decisions have stated the Legislature by the enactment of chapter 669 of the Laws of 1937 and the amendment of April 15, 1940 did not intend to extend to death actions the protection expressly provided for insurers in injury actions, the same reason of collusion or even stronger reason underlies such coverage. Under section 133 of the Decedent Estate Law the husband may be the sole or chief beneficiary and the damages are the fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the person or persons for whose benefit the action is brought and also the reasonable expenses of medical aid, nursing and attention incident to the injury causing death paid by the decedent or a person entitled to the whole or a distributive share of the moneys recovered, or for the payment of which such decedent or person is personally responsible, and the reasonable funeral expenses of the decedent. In addition it is noted that by section 2 of chapter 795 of the Laws of 1935, in effect September 1, 1935 (Decedent Estate Law, § 119) no cause of action for injury to person or property shall be lost because of the death of the person in whose favor the cause of action existed, but may be brought or continued by the executor or administrator of the deceased.
It is seen from the foregoing that although such hazard would not be covered, except by express provision in the policy in an action by a living spouse, yet, if such spouse died as a result of the injury, the construction urged by defendants would enable the surviving spouse, who caused the injury resulting in death, to profit under the indemnity of the identical policy. The provisions of a statute applicable to the relationship of parties or their contracts not only should be construed to carry out the legislative intent but must, unless the provisions of other statutes, with applicable provisions, are repealed expressly or by necessary implication, be interpreted in harmony therewith. In the construction of an insurance policy the design, purpose, spirit and reason of the entire contract and every part of its clauses must be considered and no words disregarded as inoperative in order to give a rational and reasonable meaning to them consistent with the general design and object of the instrument. Contracts, especially of insurance, which more than most others are regulated by law, must be construed in the light of existing law and the legislative intent and purpose therein expressed.
*356 The decision of this court in Zinman v. Newman (51 N. Y. S. 2d 132, supra) holding that defendant Newman, if it be shown that his negligence caused his wife’s death was personally liable for damages to the decedent’s estate for the benefit of those entitled thereto under section 133 of the Decedent Estate Law is not controlling upon, the issue now presented. The question here is much different. Zinman, the wife’s brother, and coadministrator with Newman of her estate, in such capacity brought the action to recover damages against Newman for her death, and the question here is if Zinman has judgment, would Newman’s insurance company under its policy indemnifying him against loss by reason of the operation of his automobile be liable for the payment? Ward v. Iroquois Gas Corp. (258 N. Y. 124, supra) did not decide any question here involved, but restated the rule in respect of statutory construction to the effect that courts must take the act as they find it and construe it according to the plain meaning of the language employed. That statement, while generally applicable here, was particularly applicable to the facts in that case. Stonborough v. Preferred Acc. Ins. Co. of N. Y., 180 Misc. 339 (supra) held a woman, unmarried at the occurrence of the accident but who later married and sued the man who caused her injury, was not within the prohibition of the statute providing a husband’s insurance would not cover the casualty to his wife unless it specifically provided therefor.
Had the parties here not agreed in their statement of the facts, “ that there is no issue of collusion between * * * Newman and * * * Zinman ”, orderly procedure might require trial of the death action prior to consideration and decision of the issues here, which would be academic, unless the plaintiff there successfully established his charge that Newman negligently caused the death of his own wife. It may be thought that insurance companies, experienced as they must be in their own calling and having the advice of skillful counsel, do not present real issues in seeking construction by courts of liability insurance contracts in advance of timely demand after judgment for payment of indemnity under the provisions tendered for interpretation. If the insured claims a construction which is questioned, the danger of his situation unrepresented by the insurer or represented with rights reserved, would seem to give him a clear right to a judicial construction. Even though the insured might be protected if the injured person sued under section 109 of the Insurance Law or the insured sued for damages, a different situation would seem to be presented where the legislative intent and the effect of statutory enactment are *357 questioned and decision of the construction issue is desirable. Then too it is quite possible that a determination of this action may settle both litigations. It is my opinion, therefore, that the circumstances shown warrant an action for declaratory judgment.
Human nature is such that where a claim is presented for the collection of a benefit from the estate of the decedent or from a policy indemnifying the casualty, and the cause of death is charged to the one seeking the benefit, strong suspicion or repugnance is aroused and collection is usually denied. (Smith v. Metropolitan Life Ins. Co., 125 Misc. 670.) Enabling a husband or wife injured by negligence of the other to sue for recovery of the damage done is not disconsonant with the sound reasons underlying the denial of collection to which reference was just made. But the same reasons would seem to require denial of recovery against an insurance company under its policy indemnifying the wrongdoer, if the latter would personally gain by receiving the whole or a major part of the amount paid. This must be distinguished from casualty insurance issued to indemnify the insured from general personal loss. That covers usual insurable risks. Chapter 669 of the Laws of 1937 recognizes insurance to which an injured spouse may have recourse as exceptional. It seems reasonable that the policy would not be assumed to give an unusual benefit unless the clear language of the contract showed the intention to be liable. Liability in the last instance would follow by reason of the recognition required to be given the right of freedom of lawful contract. Enabling a husband or wife to sue the other when injured by the negligence of such spouse is not repugnant to, but rather in harmony with, enlightened thought in respect of the marital status. There has long been a progressive trend in which it has been realized that the marital union, a most beneficent institution, should not be a means of depriving either party of existing personal rights except as such are necessarily submerged in or changed or modified by the contract of the parties and the obligations, responsibilities and rights created by the marital status and relationship into which the parties entered.
Fuchs v. London & Lancashire Ind. Co. of America (258 App. Div. 603, supra) seems to me to indicate sound reason for the construction, which in my opinion is required. The consideration that the Legislature was creating a new right theretofore denied by the common law and not authorized by statute indicates that liberal construction should be applied to effect the legislative intent, especially as it was expressive of a well-recognized attitude of public opinion arrived at after *358 thoughtful consideration. It seems likely the Legislature in its enactment of chapter 627 of the Laws of 1941 on April 21, 1941, amending subdivision 3 of section 167 of the Insurance Law, recognized the possibility of misinterpretation with respect to the 1937 statutes and 1940 amendment and stated its own construction of its intent by the amendment which provided “ [n]o policy or contract shall be deemed to insure against any liability of an insured because of death of or * * * [an injury] to his or her spouse * * * unless express provision * * * is included in the policy. ” Nor can it be fairly argued that by such a construction children or other innocent dependents may be deprived of possible benefits. As decided in Zinman v. Newman (supra) there is a right of recovery against Newman personally. It is my opinion that the statutes do not render the insurance company liable on the facts in the case at bar, as the policy did not include express provision relating specifically thereto. If that construction be correct, no benefits existed under the policy and no dependent suffered any deprivation.
Even if it could be said there was ambiguity in the policy or doubt as to what was contemplated as to coverage, in my opinion, any such ambiguity or doubt was resolved when by its enactment of chapter 627 of the Laws of 1941, amending subdivision 3 of section 167 of the Insurance Law, the Legislature construed its own intent and enacted that no policy shall be deemed to insure against any liability of an insured because of death or injury to a spouse unless specifically stated in the policy.
We are mindful, of course, of the rule that statutes are prospective and not retroactive. We are not here dealing with the question of express or implied repeal of a previously existing law. Neither the injury action nor the death action existed in favor of a living spouse or a deceased spouse’s estate until chapter 669 of the Laws of 1937 was enacted. It is not the legislative intent to repeal but rather the original legislative intent to include or not to include which should first be considered. Therefore consideration of familiar rules to determine presumptions as to intent of repeal and decisions stating or supporting them are not helpful. Of course the administrator takes the position that the original statutory provision of exclusion referred only to injuries and not to death, and the insurance company asserts reference to injuries necessarily had reference to death. It seems unreasonable, as pointed out above, to suppose the Legislature intended to relieve insurance companies from liability if the wife or husband is injured and lives and to render them liable to the estate if the injury results in death. *359 Statutes are presumed to have reasonable intendment. Courts are not always controlled by the literal meaning expressed in the language of a statute. Whatever is within the spirit although not within the letter, is within the statute and what is within the letter and not within the spirit is not within the statute. (Walden v. City of Jamestown, 178 N. Y. 213; Delafield v. Brady, 108 N. Y. 524.) The seeming intent or meaning of language may be restrained and other words substituted when the spirit and intent of the statute is considered. (Archer v. Equitable Life Assur. Soc. of U. S., 218 N. Y. 18; Murray v. New York Central R. R. Co., 3 Abb. Ct. App. 339.) Letter and words may not be disregarded if the statute is clear and free from ambiguity which must be given effect regardless of consequences. (Board of Educ. of Village School Dist. of Town of Malone v. O’Rourke, 191 App. Div. 317.) But if the context indicates words are inadvertently omitted, such as are necessary may be supplied by the court to complete the sense and express the legislative intent, where consideration of the whole act with reference to the subject matter to which it applies indicates the true legislative intent. (New York Rys. Co. v. City of New York, 218 N. Y. 483; People v. Long Island R. R. Co., 194 N. Y. 130; Matter of Locust Ave., 185 N. Y. 115.) As reasonable minds could arrive at different interpretations of the meaning and intent of the statutes under consideration it cannot be said that the language used therein is clear and certain. The intent of the Legislature must therefore be sought in such facts and with the aid of such rules as may reveal the intent in connection with the language, the conditions existing and sought to be remedied, and the spirit and intent of the enactment at the time of its adoption.
The construction urged by defendants appears to assume that death may occur through negligence without injury, battery or invasion of person, despite all authority to the contrary. (Mitchell v. Rochester Ry. Co., 151 N. Y. 107; Spade v. Lynn & Boston R. R. Co., 172 Mass. 488; Comstock v. Wilson, 257 N. Y. 231.) While it is clear that a negligence action for a bodily injury is different from an action for a wrongful death, it is equally clear that they both arise out of the identical tort allegedly committed by the wrongdoer charged with the same negligent act. The policy indemnifies the insured against loss arising from his negligence. The language of general liability contained in the policy was required under standard provisions pursuant to old section 109, now section 167 of the Insurance Law. Were it not that coincidentally with the creation of the new right of action subdivision 3a was enacted to protect insur *360 anee companies against loss the actions thus sanctioned might come within the policy coverage. That coverage indemnified the insured from loss due to negligence in the operation of his automobile and the protection of the policy was extended by law to injured persons, including members of the insured’s immediate family. (Bakker v. Aetna Life Ins. Co., 148 Misc. 162, affd. 240 App. Div. 880, affd. 264 N. Y. 150; Rozell v. Rozell, 281 N. Y. 106.) The latter case held the action being sanctioned, the maintenance of the action by one member of a family against another member was not an incentive to fraud and the suggestion was made that insurance companies needed no protection in such cases other than diligence in ferreting out and exposing fictitious claims and reliance on courts and juries to detect and prevent fraud. Enactment of the 1937, 1940 and 1941 amendments of the Insurance Law indicates that the Legislature deemed it proper to provide protection to insurance companies in any negligence action for bodily injury brought against an insured husband or wife. It is clear that the hazard to which the insurance company was exposed under the policy for which it could be held liable in money was negligence in the operation of the automobile of the insured. The same hazard would give rise to an action for injury or if death ensued to an action for death, or even to both of such actions. As no recovery could be had either for injury or death unless caused by negligence, it seems reasonable to conclude that the exception intended must have had reference to the hazard of negligence and not merely to the resultant injury or death. If the hazard of negligence was not covered, no recovery could be had. Section 109 of the Insurance Law had for its object liability of the insurance company for negligence of the insured. That also was within the contemplation of insurance policies written in conformity therewith. The negligence contemplated in statute and policy was identical. Section 109 provided ‘‘ a policy issued in violation of this section shall, nevertheless, be held valid but be deemed to include the provisions required by this section.” The new action being sanctioned was one for negligence and reasonably it would seem that such negligence when a spouse was involved, was the exception intended and the liability of the insurer was not to be gauged merely by the extent of the resultant injury. In Murray v. New York Central R. R. Co. (3 Abb. Ct. App. 339, supra) the obligation under statute of railroads to erect and maintain fences on the sides of the roads was involved. The statute provided: “ And so long as such fences * * * shall not be made, and when not in good repair, such railroad corporation * * * shall be liable for damages which shall be done *361 by the agents or engines of any such corporation to cattle, horses, * * * thereon”. (L. 1854, ch. 282.) The holding was that although the statute by word and language would render the railroad liable in the absence of negligence, it must be construed as meaning the railroad would be liable for disrepair only upon proof of its negligence under application of the maxim ‘ ‘ ‘ the letter killeth, while the spirit keepeth alive ’ ’ ’ (supra, p. 341).
The owner of a private automobile is not required by the law of this State to carry insurance and, if he elects to insure he may determine the amount and coverage thereof. The insurance law does not require the policy to cover all liability for every death, injuries to all persons and injuries to all property occasioned by the operation of the insured automobile without limitation or qualification. The policy may be limited in amount and coverage as the parties may agree but as issued it must be read as if it contained the provisions required by law. Insurance companies do no wrong in writing a policy of limited amount and coverage. (Brustein v. New Amsterdam Cas. Co., 255 N. Y. 137,142,143; Devitt v. Continental Cas. Co., 269 N. Y. 474; Kerr v. New Amsterdam Cas. Co., 251 App. Div. 580.) In the case of Brustein v. New Amsterdam Cas. Co. (255 N. Y. 137, 141, supra) it was also said that “ While the courts hesitate to depart from the letter of a statute, a construction may be adopted in harmony with what is thought to be the spirit and purpose of the act in order to give effect to the evident legislative intent. (Church of the Holy Trinity v. United States, 143 U. S. 457.) ”
For the reasons stated, I am satisfied that the plaintiff is entitled to declaratory judgment as indicated in this decision. Submit judgment on notice.