LUELLEN WILLIAMSON *v.* MASSACHUSETTS BONDING
AND INSURANCE COMPANY

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 49604

Memorandum filed April 26, 1954.

*Pouzzner & Hadden,* of New Haven, for the plaintiff.

*Charles G. Albom* and *Martin E. Gormley,* both of New Haven, for the defendant.

PASTORE, J. It appears from the complaint as amended that plaintiff is suing upon an insurance policy to recover payment from the defendant company of a judgment she recovered against her husband in Connecticut for damages covering bodily injuries received by her resulting from an accident in Connecticut while riding as a passenger in an automobile owned and operated at the time by him; that plaintiff and her husband were residents of the state of New York both when the policy was issued on July 12, 1949, and when the accident happened on July 16, 1950, which was within the policy period; that defendant was a Massachusetts corporation empowered to issue such insurance in New York; that the policy was applied for, delivered and the premiums paid for in New York; that plaintiff and the insured were husband and wife at the time of the accident; that she recovered judgment against

her husband in Connecticut on June 16, 1952; that it became final because no appeal was taken from it and that it has not been satisfied.

Defendant has demurred on a number of grounds. The essence of these is to the effect that the coverage of the policy does not include any liability of the insured, being plaintiff's husband, because of injuries to his spouse.

The policy having been applied for, delivered and first premiums paid in New York, the contract of insurance was entered into in the state of New York and its interpretation governed by the laws of that state. *Mutual Life Ins. Co.* v. *Johnson,* 293 U.S. 335; *Pool* v. *New England Mutual Life Ins. Co.,* 108 N.Y.S. 431; *Vanderbeck* v. *Protected Home Circle,* 163 N.Y.S. 80; *Cain* v. *American Policyholders' Ins. Co.,* 120 Conn. 645, 648; *New York Life Ins. Co.* v. *Rigas,* 117 Conn. 437, 440; *Bank of Buffalo* v. *Aetna Indemnity Co.,* 90 Conn. 415, 421. In being empowered to transact business within the state of New York, defendant as a foreign corporation submitted to the laws of the state of New York, agreed to obey the same and to conform to its public policy. *M'Clement* v. *Supreme Court, I.O.F.,* 152 N.Y.S. 136, 149. The parties here are not in dispute that the construction of the policy is governed by the laws of New York and no question is raised that the law of the place of performance controls.

At the time of the issuance of the policy, § 167 (3) of the New York Insurance Law provided: "No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy." The policy in the instant case contains no express provision insuring against liability for injuries to the spouse of the insured wrongdoer.

Defendant claims that there is no liability under the policy to pay plaintiff's judgment because of the absence of such a provision specifically insuring against any liability of the insured because of injuries to his spouse as claimed to be required by § 167 (3) of the New York Insurance Law in order that the policy be deemed to insure against such a liability. Plaintiff claims that such express provisions in the policy are required by the statute to provide for coverage of claims of one spouse against the other in connection with accidents occurring only within the state of New York and otherwise not required as to extraterritorial accidents.

Parties are presumed to have bargained with each other on the basis of existing law, including the judicial construction placed on a statute. 12 Am. Jur. 770, n.6. "In construing a foreign statute, we accept the construction of the statute adopted by the highest tribunal of the jurisdiction of the statute." *Cristilly* v. *Warner,* 87 Conn. 461, 463. "The provisions of a statute applicable to the relationship of parties or their contracts not only should be construed to carry out the legislative intent but must, unless the provisions of other statutes, with applicable provisions, are repealed expressly or by necessary implication, be interpreted in harmony therewith. In the construction of an insurance policy the design, purpose, spirit and reason of the entire contract and every part of its clauses must be considered and no words disregarded as inoperative in order to give a rational and reasonable meaning to them consistent with the general design and object of the instrument. Contracts, especially of insurance, which more than most others are regulated by law, must be construed in the light of existing law and the legislative intent and purpose therein expressed." *Standard Accident Ins. Co.* v. *Newman,* 47 N.Y.S.2d 804, 811.

Two main questions are raised determinative of the demurrer: ˙(1) Do the requirements of § 167 (3) of the New York Insurance Law apply only to domestic accidents, and (2) if so, is recovery by plaintiff otherwise within the terms of the policy?

With reference to the first question, an examination of the legislative history and judicial interpretation of said § 167 (3) compels the court to conclude that its requirements, for the policy to include coverage for the action here involved, pertain only to accidents occurring within the state of New York. If this is true, the absence of such required provisions in the policy would not preclude the plaintiff from fastening liability upon her husband's insurance carrier, being the defendant herein.

"Prior to 1937, a husband was not liable to his wife for personal injuries resulting from his negligence. . . . In that year the law was amended by granting to either spouse a right of action against the other for negligent injury to person or property, so that such suit is no longer against the public policy of New York. . . . In order to make it possible for an insurance carrier to relieve itself of liability in situations where the wife was injured while riding in the automobile of her husband, the law provided that unless the policy specifically covered an injury to a spouse, such liability would not be deemed included within the terms of the policy." *Stonborough* v. *Preferred Accident Ins. Co.*, 40 N.Y.S.2d 480, 481, distinguishing *Fuchs* v. *London & Lancashire Indemnity Co.*, 17 N.Y.S.2d 338, and affirmed 292 N.Y. 154. The creation of the right of action between spouses came out of chapter 669 of New York Laws, 1937, which contained four sections. The first amended the Domestic Relations Law to create the right of action between spouses. The second section added subdivision 3a to § 109 of the Insurance Law. The third and

fourth sections amended the Vehicle and Traffic Law by providing that policies issued to motor vehicle owners need not insure against injuries to the spouse of the owner. Cf. *Fuchs* v. *London & Lancashire Indemnity Co.,* 17 N.Y.S.2d 338, 339.

Section 109 (3) (a) by amendments came to its form known as § 167 (3) of the Insurance Law without material change, however, so far as here pertinent. Cf. *Standard Accident Ins. Co.* v. *Newman,* 47 N.Y.S.2d 804, 808, 809. It was "merely a by-product of an important amendment to the Domestic Relations Law." *Fuchs* case, supra, 340. As to history of the section, see also N.Y. Consol. Laws Serv., Ins. Law, § 167. Its purpose was to protect the insurance carrier against the newly created liability and against collusive actions by leaving it up to the carrier to choose whether to carry such liability and then only by express provisions relating thereto. The circumstances of these simultaneous enactments would appear to lead irresistibly to the conclusion that the intent and scope of requiring specific coverage in connection with liability of one spouse to the other for bodily injuries related only to the newly created right of action which necessarily concerned occurrences happening within the state of New York. It must be presumed that the legislature was aware of the well-settled rule that negligent injuries inflicted by one spouse upon the other in a foreign state would be governed by the law of the place of the wrong. Cf. *Coster* v. *Coster,* 289 N.Y. 438, 442. The fact that the legislative intent of the provisions of § 167 (3) of the New York Insurance Law did not concern extraterritorial accidents is further fortified by the consideration that the right of a wife to bring and maintain an action for personal injuries against her husband, in jurisdictions where such right exists, is a "substantive right," a part of the wife's cause of action and not a mere "matter

of remedy." Cf. *Coster* v. *Coster,* supra. Thus, again, it would seem not reasonable to assume that the legislative intent was to control a foreign factual situation over which it assumed to have no control. The court is compelled to conclude that the intent of § 167 (3) mentioned was to require the specific covering provisions in the policy in relation only to domestic accidents. When the policy was issued on July 12, 1949, the parties are presumed to have done so in the light of the existing law. In importing the legislative intent of said § 167 (3) into the insurance contract there appears to be no reason why its meaning should exceed its legislative scope and purpose. To hold that the requirements of § 167 (3) apply to liability between spouses relating to extraterritorial accidents would be attributing an intent beyond that of its enactment. If the intent of the parties was to exclude coverage of such liability between spouses, unless specifically provided for in the policy, in connection with foreign accidents, it could easily have been so provided in the policy particularly in view of the "Exclusions" mentioned therein, in which it is provided that "[t]his Policy does not apply" to seven expressly mentioned situations.

Ambiguities in insurance policies are to be resolved in case of doubt and uncertainty against the insurer which drew them. This rule applies even where the policy is in standard form. *Stonborough* v. *Preferred Accident Ins. Co.,* 40 N.Y.S.2d 480, 482. Accordingly the court is of the opinion that the absence of provisions referable to § 167 (3) of the New York Insurance Law does not preclude the plaintiff from fastening liability upon the defendant herein.

Upon the second question posed by the demurrer, it appears that the action by plaintiff is maintainable by the express terms of the policy. Thus, under

"Insuring Agreements" it is provided that the defendant agrees: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." Similar provisions cover property damage liability. The policy applies to accidents "while the automobile is within the United States of America." Also, under "Exclusions" there are no terms providing that the "policy does not apply" to the liability of one spouse to the other. Under "Conditions" it is provided in part: "No action shall lie against the company unless, as a condition precedent thereto, . . . until the amount of the insured's obligation to pay shall have been finally determined . . . by judgment against the insured after actual trial. . . . Any person . . . who has secured such judgment . . . shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. . . . By acceptance of this policy the named insured agrees . . . that this policy embodies all agreements existing between himself and the company . . . relating to this insurance."

The coverage provided by the policy extended to accidents occurring within the state of Connecticut. Cf. *Clement* v. *Atlantic Casualty Ins. Co.,* 13 N.J. 439, 442. The defendant's demurrer admits plaintiff's allegation that plaintiff recovered a judgment on June 16, 1952, that no appeal was taken from said judgment and it is final and that the insured performed all the conditions and obligations on his part to be fulfilled under the terms of said policy. It appears, therefore, that upon the state of the record the policy by its express terms permits the present action and that there is no failure to comply with conditions precedent.

The suit of a wife against her husband in tort has long not been against the public policy of Connecticut. *Bushnell* v. *Bushnell,* 103 Conn. 583; *Ginsberg* v. *Ginsberg,* 126 Conn. 146, 147. No question arises therefore, whether a contrary rule could be a defense in an action by one spouse against the insurance carrier of the other. No rule of public policy precludes the instant action in this jurisdiction.

Accordingly, the demurrer is overruled.