deemed to be in the exempt class unless it is specifically named in such class in the rules. Laws 1899, c. 370, § 12. The power, therefore, of determining whether or not the position shall be placed in the exempt class, has been given by the legislature to the civil service commission. The law further provides that no person shall be appointed to or employed in any position in the classified service of the state, or of the city or civil division thereof, for which rules have been prescribed pursuant to the provisions of this act, until he has passed an examination, or is shown to be exempt from such examination, in conformity with such rules and the provisions of this act. Civil Service Law, § 18. I must assume that the municipal civil service commission, in determining what positions should be placed in the exempt class, acted conscientiously, and that the members exercised their best judgment in making the classifications; and if they have made a mistake, and placed the position occupied by the plaintiff in the wrong class, their error is subject to review and correction by the courts; but, until it is judicially determined that their classification is erroneous, the decision of the commission must be respected. The error did not justify the city treasurer in making the appointment contrary to the rules and regulations for appointments in the civil service. If the position belongs in the exempt class, the city treasurer may, by mandamus, compel the commission to place it there, and when that is done the plaintiff can be legally appointed without passing a civil service examination. He can then have his name placed on the pay rolls and certified to as is required by the civil service law, and draw his pay from the proper disbursing officer of the city.

In my judgment, the facts alleged in the complaint do not constitute a cause of action. The demurrer, therefore, must be sustained.

(34 Misc. Rep. 247.)

### ROCHESTER SAV. BANK v. BAILEY et al.

(Supreme Court, Special Term, Ontario County. February, 1901.)

DEED—DELIVERY—WILLS—REVOCATION.

Deceased made a deed of lands, and delivered it to his agent, to be delivered to the grantee at the death of the deceased, or sooner, if he should direct. Later he made a will devising the land to his wife. *Held*, that the deed operated as a will, which was revoked by the subsequent devise, since the deed was under the control of the grantor, and might have been withdrawn and canceled at any time.

Action by the Rochester Savings Bank against Caroline F. Bailey and others. The cause was referred, and the referee reported in favor of plaintiff, to confirmation of which defendants objected. Report confirmed.

George Raines, for defendant Caroline F. Bailey.
Frank Rice and Henry M. Field, for defendant John R. Bailey.

DAVY, J. The principal question involved in this controversy is whether the last will and testament of Franklin Bailey, deceased, in which he devised and bequeathed to his wife, Caroline F. Bailey,

all of his real and personal property, revoked the deed to his nephew John R. Bailey. The deed was drawn and executed in the office of Henry M. Field, Esq., of Canandaigua, on or about the 3d day of January, 1885, and on that day placed in his hands by the grantor. Mr. Field testified that the grantor said to him when he handed him the deed, "I want you to take that deed and keep it for me, and the deed is to be delivered to my nephew when I die, or earlier, if I direct." After the death of the grantor, the deed was delivered to the grantee. On the 15th day of March, 1894, the said Franklin Bailey, in performance of his antenuptial contract, made and executed his last will and testament, in which he gave, devised, and bequeathed to his wife, Caroline F. Bailey, all his estate, both real and personal, and appointed his wife sole executrix, giving her full power to sell or mortgage his real property or any part thereof. This will was duly admitted to probate in the surrogate's court of Ontario county on or about the 23d day of December, 1896, and letters testamentary thereon were duly issued out of said court to the said Caroline F. Bailey. It seems to me that the instructions given to Mr. Field by the grantor did not express an absolute intent to part with all control over the deed or to pass a present conveyance of the land. It postponed the operation of the instrument until after the death of the grantor, and converted the deed into a will.

It was said by Judge Rapello in Re Diez's Will, 50 N. Y. 93, that:

"The distinguishing feature of a will is that it is not to take effect except upon the death of the testator. An instrument which is to operate in the lifetime of the donor, and to pass an interest in the property before his death, even though its absolute enjoyment by the donee be postponed till after the death of the donor, or even though it be contingent upon the survivorship of the donee, is a deed or contract, and not a will. But, if the instrument is not to have any operation until after death, then it is a will, notwithstanding that it may have been executed in pursuance of a previous promise or obligation appearing upon its face."

The deed was deposited with Mr. Field as the agent of the grantor, only no agreement was entered into between the grantor and grantee that the deed should be left with Mr. Field in trust for the grantee. The deposit was even made without the consent or knowledge of the grantee. I am inclined to think that the grantor never parted with his control over the deed, and that he had absolute power to revoke the deed, and dispose of the property by deed or will, at any time during his life.

The placing of a deed in the hands of a third party, to be delivered to the grantee upon the death of the grantor, is not a good delivery, unless the grantor parts with his dominion over it. It must pass into the hands of the grantee, or some one for him, in such way as to be beyond the legal control of the grantor. If the grantor continues till his death to have the right to recall or revoke the deed in the hands of the agent, there is no delivery. Baker v. Haskell, 47 N. H. 480. The reported decisions in this state may seem to imply that the validity of the delivery of a deed in a case like the present depends solely upon the grantor's intention at the time he delivered the deed to his agent; but where, as in this case, there is no question of estoppel between the grantor and the grantee, and the grantor

remains in possession of the property, and treats it as his own, by paying the taxes and placing mortgages upon it, it is difficult to reach the conclusion that the grantor, when he deposited the deed with Mr. Field, intended to part with all control over it. The delivery of a deed is either absolute or conditional,—absolute, when it is to the grantee himself, or to some person for him, when the grantor parts with all control over it, and has no power to revoke or recall it; conditional, when the delivery is to a third person in escrow, to be kept by him until certain conditions are performed by the grantee.

The owner of land, desiring to make a disposition of it at his death, has three courses open to him, either of which he may adopt, according to circumstances, and as will best suit his convenience and intentions. If he desires to convey the same, but not to have his deed take effect until his decease, he can make a reservation of a life estate in the deed, or it may be done by the absolute delivery of the deed to a third person, to be passed to the grantee upon the decease of the grantor; the holder in such a case being a trustee for the grantor. But, if he wishes to retain the power of changing the disposition of the property at his pleasure, that can only be properly effected by a will. So long as he retains control of the deed or the power to recall it, the property is his. Cook v. Brown, 34 N. H. 472.

In the case of Hathaway v. Payne, 34 N. Y. 92, relied upon by the learned counsel for the grantee, there was a contract, based upon a good consideration, between the grantor and the grantee, which provided that the deed should be placed in the hands of a third party, to be delivered to the grantee upon the death of the grantor. The grantor in that case was estopped by his contract from exercising any control or dominion over the deed. In this case the deed was in the hands of Mr. Field, as the agent of the grantor, and subject to the grantor's control. He could have demanded it at any time, and the agent would have been bound to return it to him. There was no privity of contract between the grantor and the agent, nor between the grantor and the grantee, that estopped the grantor from withdrawing the deed or revoking it.

It was held in Hale v. Joslin, 134 Mass. 310, if a person executes a deed of land and places it in the hands of A., with directions to keep it during the grantor's life, and on his death to deliver it to the grantee, A. holds it as agent of the grantor, and not as agent of the grantee, and the grantor may revoke it at any time.

In Prutsman v. Baker, 30 Wis. 651, the court held that "a writing cannot be delivered as an escrow even, unless the maker parts with his dominion and power over it, until such time as the event has happened, when it is to be or may be restored to him. If it is in his own possession, he may destroy it at his pleasure; and if in the hands of a third person, as his mere agent, and subject to his directions, his power is the same." Berry v. Anderson, 22 Ind. 37; Cook v. Brown, 34 N. H. 472; Fitch v. Bunch, 30 Cal. 213.

In Baker v. Haskell, supra, it was held that the deposit of a deed with a third person is not a good delivery to the grantee, if the grantor continues till his death to have the right to recall the deed

from the depositary. The grantor can recall the deed at any time before delivery to the grantee, unless such an arrangement has been entered into between the grantee and the depositary as creates privity between them. Maynard v. Maynard, 10 Mass. 456.

Testing the principal question involved in this case by the rule referred to, it seems to me that the making of the deed was intended by the grantor to be in the nature of a testamentary act, which could be revoked by the grantor at any time. Shurtleff v. Francis, 118 Mass. 154; Wellborn v. Weaver, 17 Ga. 267.

The report of the referee, therefore, must be confirmed, with costs and disbursements to the defendant Caroline F. Bailey against the defendant John R. Bailey.