CHARLES L. GRIDLEY and Another, Respondents, *v.* THE HOME INSURANCE COMPANY, Appellant.

Fourth Department, June 27, 1929.

*Shire & Jellinek* [*James M. H. Wallace* of counsel], for the appellant.

*Whiteman & Hill* [*Floyd E. Whiteman* of counsel], for the respondents.

CROUCH, J. The action is to recover on a fire insurance policy.

On June 7, 1924, Anna H. Gridley, mother of the plaintiff Charles L. Gridley, was the owner of a farm upon which were certain buildings covered by the policy in question. The premises were subject to a mortgage held by the plaintiff Fred W. Wilber, to whom loss, if any, was payable "as his interest may appear, subject, nevertheless, to all the conditions of this policy." He thus stands or falls on the case of his coplaintiff. (*Williams* v. *Pioneer Co-operative Fire Ins. Co.*, 183 App. Div. 826, 831.)

On the day mentioned, Anna H. Gridley was seriously ill and desired to make a will. A justice of the peace was called in, and he advised the use of a deed in escrow instead of a will. Accordingly, Mrs. Gridley signed and acknowledged a deed of the property to Charles L. Gridley and delivered it to the justice of the peace, to be in turn by him delivered to the son after her death. Two or three days later she died. On June 18, 1924, the justice of the peace delivered the deed to Charles L. Gridley, and it was on that day recorded.

On the night of January 27 and 28, 1927, and before the date of expiration of the policy, a fire destroyed the buildings. Proof of loss was duly made by plaintiffs, the claim was rejected by defendant, and this action resulted. The contention of defendant is that the policy was void because, without agreement in writing added thereto, (a) the interest of assured was other than unconditional and sole ownership; (b) the subject of insurance was a building on ground not owned by the assured in fee simple; (c) there was a change, other than by death of the assured, in the interest, title or possession of the subject of insurance; (d) the buildings were vacant and unoccupied beyond a period of ten days.

At the close of the trial both parties moved for the direction of a verdict. The court directed a verdict for plaintiffs.

The defense of vacancy and unoccupancy was, under the evidence, a fair question of fact. We see no reason to disturb the finding of the trial court.

The other defenses relate to the change in title, and may be considered together.

Where the owner of property makes a deed and delivers it to a third person with instructions to deliver it to the grantee upon the grantor's death, the owner intending to part with all control of the deed, the cases seem to hold that no title passes until the final delivery, and that then the title by relation vests as of the date of the first delivery to the third person. (*Hathaway* v. *Payne*, 34 N. Y. 92; *Stonehill* v. *Hastings*, 202 id. 115.)

By reason of this doctrine of relation back, appellant argues that upon the execution of the deed and its delivery to the justice of the peace, there was a change in the interest or title of the assured which breached the conditions of the policy against alienation. The grantee did not know that his mother had made the deed. There was no agreement between the grantor and grantee, so far as the evidence shows, which would make the mother's act irrevocable. At the same time, it is a fair inference from the circumstances that Mrs. Gridley intended her act to be final, and felt that she had made a definite and complete disposition of the farm. Had Mrs. Gridley reserved control and dominion, then the deed would have been invalid for any purpose because it would have been in fact a will executed without the required formalities. (*Rochester Savings Bank* v. *Bailey*, 34 Misc. 247; affd., 70 App. Div. 622; *Burnham* v. *Burnham*, 58 Misc. 385; affd., 132 App. Div. 937; 199 N. Y. 592.)

Since, however, no control or dominion was intended to be reserved, we think, upon authority, that there was no change in interest or ownership until the death of Mrs. Gridley. The language of Chief Judge Denio in the *Hathaway Case* (*supra*) is that "in such a case the weight of authority is that *no title passes until the final delivery.*" The *Stonehill Case* (*supra*) says (on p. 120): "The other conclusions that the deed was to take effect upon the death of the grantor and that the latter *died seized of the premises* are in accordance with * * * the law as established by well-considered cases." Again, in the case of *Rosseau* v. *Bleau* (131 N. Y. 177), where a similar deed had been given and delivered to the grantee after the death of the grantor, it was held in an action by the representatives of the deceased grantor to set aside the deed as fraudulent against creditors, that the deed did not become operative during the grantor's life, and, therefore, that the grantor died seized of the lands, and the rights of creditors to their statutory lien attached immediately upon the death of the grantor.

The next question is whether the change in interest, title or possession took place " by the death of an insured," or otherwise. If the change can be said to have been by death, then it falls within the exception of the policy, and the insurance survived for the benefit of the succeeding owner who is probably a proper person to collect the insurance money. (*Matthews* v. *American Central Ins. Co.*, 154 N. Y. 449.) While the point is not free from doubt, we are disposed to hold, in the absence of authority or precedent to the contrary, that the change of title here fell within the exception. Had the property passed to plaintiff Gridley by will as his mother originally intended, the policy would have survived for his benefit. The same intention was carried out by another form of instrument, taking effect at the same point of time. The moral hazard was the same in either case. Unless we are required to do so by the language of the policy, there is no good reason why the two cases should be differentiated. Although we are dealing with a provision in the standard form of policy, the general rule of construction against the party preparing the instrument applies. (*Matthews* v. *American Central Ins. Co., supra*, 456.)

Had it been the intention of defendant to exclude such a case as this from the exception, appropriate language to that· end could easily have been used. The language of the policy, for instance, in *Quarles* v. *Clayton* (87 Tenn. 308) was " except by succession by reason of death of the assured." It was construed to exclude the widow of the assured who took upon his death by virtue of a provision in her marriage contract. Had the words " by succession " been omitted, the decision might well have been otherwise. The case of *Gillon* v. *Northern Assurance Co.* (127 Cal. 480) is relied on by defendant as authority for its contention. The facts, however, were quite different from those here. The owner had delivered the deed to the grantee and the grantee had notified defendant's agent of that fact before death. Title had passed. The action was brought by the estate of the owner. That the alleged reason for the transaction was to avoid the expense of probate did not to the mind of the court change the effect of an absolute transfer contrary to the terms of the policy.

The issue of waiver alleged to have arisen because defendant's agent said in substance that an indorsement of the transfer on the policy was not necessary, we think it unnecessary to decide. The doctrine of such cases as *Manchester* v. *Guardian Assurance Co.* (151 N. Y. 88) and *Andrews* v. *Equitable Fire & Marine Ins. Co.* (236 id. 573) would lead to one result; that of *Baumgartel* v. *Providence-Washington Ins. Co.* (136 N. Y. 547); *Northam* v.

*Dutchess County Mutual Ins. Co.* (166 id. 319), and *Greentaner* v. *Connecticut Fire Ins. Co.* (228 id. 388) to another. The question may be doubtful.

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment affirmed, with costs.