■ RALPH PURDY, Petitioner, v BARRY KREISBERG et al., Constituting the Board of Police Commissioners of the Town of Greenburgh, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of Police Commissioners of the Town of Greenburgh, dated February 20, 1976, which, after a hearing, dismissed petitioner as a member of the Police Department of the Town of Green-burgh. Petition granted, determination annulled, on the law, without costs or disbursements and respondents are directed to restore petitioner to his position, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received since his dismissal. Petitioner, a police officer, was not guilty of the charged violation in that he did not "use nor threaten to use" his "official power or authority" in a politically partisan manner. The "fact sheet" mailed by the police association, of which petitioner was president, to the town voters did not imply, in any respect, harassment by law enforcement officials of those who would fail to follow the association's position. Were we not annulling the determination herein, we would have, in any event, reduced the punishment imposed. Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.

■ ROSENBAUM PLUS TWO PRINTING, INC., Also Known as ROSENBAUM PLUS II OFFSET PRINTERS CO., Appellant, v ALLSTATE INSURANCE COMPANY, Respondent.—In an action on a policy of fire insurance, plaintiff appeals (1) from an order of the Supreme Court, Suffolk County, dated May 10, 1976, which denied its motion for summary judgment, and (2) as limited by its brief, from so much of a further order of the same court, dated June 23, 1976, as, upon reargument, denied its motion for partial summary judgment. Appeal from so much of the order dated May 10, 1976 as sought summary judgment up to the amount of $12,000 dismissed as academic. That portion of the order was superseded by the order made on reargument. Order dated May 10, 1976 otherwise affirmed. Order dated June 26, 1976 reversed insofar as appealed from, on the law, and partial summary judgment is granted to plaintiff in the amount of $11,900, and the portion of the action which seeks such amount is severed. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. In our opinion, triable issues are presented with respect to the amount of coverage that plaintiff obtained from defendant. But since defendant admits in its answer that $12,000 worth of coverage was in effect on the date of the fire which caused plaintiff's losses, partial summary judgment as to that amount, less the $100 deductible amount, should have been granted. Furthermore, it appears that no triable issue with respect to coinsurance exists since defendant has failed to assert such an affirmative defense (see 19 Couch, Insurance 2d, § 79:338), or even claim that a coinsurance clause is applicable. Finally, we note that the amount of plaintiff's loss is undisputed. Margett, J. P., Damiani, Shapiro and Titone, JJ., concur.