OPINION OF THE COURT
Nicholas A. Clemente, J.
For more than 50 years the principals of Goldkin Realty Corp. and their predecessors have owned four contiguous buildings on Sumner Avenue. One of the leading officers of Goldkin Realty Corp. is Esther Bernstein who as the functionary of the family corporation had insured the buildings against fire loss through Tiffany Brokers. In recent years she had dealt with Tiffany through its employees, Mr. Kulick or Bunny Barba.
On October 12, 1978 Goldkin sold 150, 152 and 154 Sumner Avenue to its long-time employee Simon B. Manning at a price of $7,000 each. Manning did not actually pay any money for the buildings but rather executed bonds and mortgages to evidence an indebtedness of $7,000 for each parcel. Thereafter on March 11, 1979 a fire damaged 150 and 152 Sumner Avenue. Plaintiffs Manning and Goldkin as owner and mortgagee seek to recover on one fire policy *645 they allege was improperly canceled and against the broker for failure to place insurance for the other property. On July 7,1980 this action was commenced against New York Property Insurance Underwriting Association, also known as Fair Plan Insurance, regarding 152 Sumner Avenue and against Tiffany Brokers, Inc., regarding 150 Sumner Avenue. The cause of action against Fair Plan was amicably settled during trial. The parties agree that no fire insurance policy covered 150 Sumner Avenue on the date of the fire so that the controversy revolves around the question whether Tiffany as the broker of the plaintiffs should have ordered fire insurance for the subject premises. Trial of the matter commenced June 21, 1982.
Stripped to its essentials the evidence adduced at the trial in support of Tiffany shows that on January 18, 1979 it wrote to Bernstein and Manning that the insurance for 150 Sumner Avenue had been canceled. If this testimony had remained uncontroverted there would have been no question that Tiffany should prevail. The testimonial and documentary evidence shows, however, a canceled check dated December 22, 1978 from Simon B. Manning for $636.30 used for payment of premiums with the notation on the face of the check that it is for “150-152-154 Sumner Avenue.” As to the January 18,1979 letter of cancellation, Esther Bernstein testified without refutation that after she received the letter she called Bunny Barba at Tiffany, expressed the view that 150 Sumner Avenue was insured and was told by Tiffany’s employee that “there was some sort of mistake” and that she, Miss Barba, “would straighten it out.”
Accordingly, what emerges is that plaintiffs, in possession of a canceled check apparently paying the premium for 150 Sumner Avenue, relied upon their broker to place the proper insurance. The prior relationship of the parties together with the affirmative representation to take appropriate action renders Tiffany liable (based on both breach of contract and negligence) to plaintiffs for its failure to place insurance on 150 Sumner Avenue (cf. MacDonald v Carpenter & Felton, 31 AD2d 952).
As to the amount of the recovery it is apparent that plaintiffs should recover as if the insurance had been *646 placed on the property. Further, there is evidence that the plaintiffs believed the premises to be insured for $30,000, the same amount as placed on 152 Sumner Avenue.
In addressing the issue of damages, the guiding principle should be that the insureds be placed in as good a position as they would have been had no fire occurred and that this be done by awarding them the actual cash value of the property lost or damaged (Kramnicz v First Nat. Bank of Greene, 32 AD2d 1009, 1010). Of course, only provable damages may be recovered (Falchook Markets v Warner Reciprocal Insurers, 42 NY2d 1063).
Thus in determining the amount of damages that plaintiffs are entitled to there are three competing considerations. First, the parties have stipulated that replacement cost is $120,000. Second, that the plaintiffs intended that the premises be insured for $30,000, and third, that this parcel had been recently sold for $7,000. (It should be noted that there is no reason to consider the issue of coinsurance for several reasons. The defendant has failed to raise it as an affirmative defense or even claim that a coinsurance clause was applicable [Rosenbaum Plus Two Print. v Allstate Ins. Co., 59 AD2d 939]. Also, plaintiffs’ loss appears to be total so that it is not affected by the coinsurance concept [31 NY Jur, Insurance, § 1388].)
The three figures, $120,000, $30,000, and $7,000 emerge as possible amounts on which to base a damage award to plaintiffs. In Incardona v Home Ind. Co. (60 AD2d 749, 749-750), the court analyzed damage awards on fire policies as follows: “The standard New York fire insurance policy provides that the amount recoverable is ‘the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss’ (Insurance Law, § 168, subd 5) * * * The clause ‘not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality’ as found in the standard New York fire insurance policy, affords no remedy to the insured. Rather, that clause merely expresses a privilege granted to the insurer to pay the lesser of actual cash value *647 or cost of repair (McAnarney v Newark Fire Ins. Co., 247 NY 176, 183, supra).”
In arriving at the actual cash value, determinative in the instant case is the fact that the subject premises was one of four comparable buildings which the plaintiff mortgagee had only six months previously sold for the sum of $7,000 each. Mrs. Bernstein characterized that price as a concessionary one, in consideration for faithful service by a loyal employee. Counterbalancing that explanation of the price, however, is the evidence that the property was located in a neighborhood which has undergone substantial deterioration. I therefore conclude, based upon the comparable contiguous properties, that the damage sustained by the plaintiffs is $7,000 and that plaintiffs are entitled to recover said sum from defendant Tiffany.