■ JAMES MAGIE et al., Respondents, v PREFERRED MUTUAL INSURANCE COMPANY, Appellant. [937 NYS2d 452]—

Lahtinen, J.

Defendant argues that plaintiffs' complaint should have been dismissed as a matter of law since the proof at trial allegedly demonstrated fraud and misrepresentation by plaintiffs and their adjuster, thus providing the ground for defendant to void the policy. A policy may be voided if the insured " 'willfully and fraudulently placed in the proofs of loss a statement of property lost which [the insured] did not possess, or has placed a false and fraudulent value upon the articles which [the insured] did own' " (*Saks & Co. v Continental Ins. Co.*, 23 NY2d 161, 165 [1968], quoting *Domagalski v Springfield Fire & Mar. Ins. Co.*, 218 App Div 187, 190 [1926]). Incorrect information is not nec-

essarily tantamount to fraud or material misrepresentation as the insurer must tender "proof of intent to defraud—a necessary element to the defense" (*Deitsch Textiles v New York Prop. Ins. Underwriting Assn.*, 62 NY2d 999, 1001 [1984]; *see Kittner v Eastern Mut. Ins. Co.*, 80 AD3d 843, 847 [2011], *lv dismissed* 16 NY3d 890 [2011]). Whether a misrepresentation reaches the level of being material is typically for the factfinder "unless the insurer proffers clear and substantially uncontradicted evidence concerning materiality" (*Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754 [1999]; *see Lenhard v Genesee Patrons Co-op. Ins. Co.*, 31 AD3d 831, 833 [2006]). Where a defendant seeks dismissal as a matter of law, a plaintiff is afforded every favorable inference from the proof presented at trial (*see Crawford v Village of Millbrook*, 61 AD3d 918, 920 [2009]; *Martin v Fitzpatrick*, 19 AD3d 954, 955-956 [2005]).

The proof presented revealed that a significant fire occurred which destroyed or damaged virtually everything at the location. Plaintiffs hired a public adjustment company, and the adjuster who aided in quantifying plaintiffs' loss indicated that, of the thousands of items he listed, less than one tenth of one percent were not damaged. And, those reported non-damaged items had been exposed to the fire so as to affect their value. Out of these thousands of damaged items, defendant points to a small number as purportedly reflecting incorrect information. However, plaintiffs offered explanations as to some of these items, and the proof at trial simply did not compel the conclusion as a matter of law that plaintiffs intended to defraud defendant or that the incorrect information constituted material misrepresentation. The fact that plaintiffs did not have documentation for some losses was explained by documentation being lost in the fire. The estimate of damages to plaintiffs' large firearms collection was based in part on plaintiff James Magie's extensive experience as an owner and collector. One adjuster's recollection that he thought Magie might have indicated that the firearms were separately insured is insufficient to clearly prove plaintiffs had additional insurance that they failed to disclose. Similarly, the fact that plaintiffs had very recently started sleeping in their new home and still were in the process of moving does not establish that plaintiffs made a material misrepresentation about whether the premises were owner occupied. Viewing the evidence under the standard applicable for dismissal as a matter of law, we find ample proof to support plaintiffs' asserted losses and reject defendant's affirmative defense.

Next, defendant contends that we should set aside the verdict

as not supported by a fair interpretation of the evidence. "On our review of a verdict after a bench trial, we independently review the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where . . . they rest largely upon credibility assessments" (*Martin v Fitzpatrick*, 19 AD3d at 957; *see Cotton v Beames*, 74 AD3d 1620, 1621-1622 [2010]). This was a fire that even defendant's agent characterized as "devastating." Plaintiffs submitted a comprehensive inventory as well as numerous photographs revealing the virtual total destruction of their home and property. The proof reveals that they cooperated with defendant and, to the extent that plaintiffs made errors when attempting to assess the significant losses, the errors were not intentional and were minor when considered in the context of the overall nature of the losses sustained. We are unpersuaded to disregard Supreme Court's credibility determinations. Accepting those determinations, and upon reviewing and weighing the proof in the extensive record, we agree with Supreme Court that plaintiffs adequately established their losses and defendant's affirmative defenses of fraud and material misrepresentation are unavailing.

Finally, we consider defendant's alternative argument that a coinsurance penalty should be applied to reduce the recovery for the real property part of plaintiffs' loss. Initially, the applicability of a coinsurance clause is an affirmative defense that must be pleaded (*see Rosenbaum Plus Two Print. v Allstate Ins. Co.*, 59 AD2d 939, 939 [1977]; 2 NY PJI2d 4:49, Comment, at 976 [2011]), and defendant did not specifically assert such defense in its answer. In any event, in New York, a coinsurance clause "results in reducing the recovery in case of a partial loss, though in case of total loss, the insurer is liable for the amount named in the policy" (*New York Life Ins. Co. v Glens Falls Ins. Co.*, 184 Misc 846, 849 [1945], *affd* 274 App Div 1045 [1949], *affd* 301 NY 506 [1950]; *see Quaker Hills, LLC v Pacific Indem. Co.*, 2011 WL 4343368, *5, 2011 US Dist LEXIS 92633, *16-17 [SD NY 2011]; 70A NY Jur 2d, Insurance Law § 2201; Appleman, Insurance Law & Practice § 3866). Here, it is undisputed that plaintiffs sustained a total loss.

Defendant's remaining arguments have been considered and are unavailing.

Mercure, A.P.J., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.