Stein, J.
Plaintiff owns real property consisting of two lots (hereinafter lot 1 and lot 2). Plaintiff resides in the home on lot 1 and defendant Theodore D. Hayes (hereinafter defendant) resides on lot 2. In 2007, plaintiff purchased both lots from her mother, Darlene Hayes (hereinafter Hayes), and defendant, Hayes’s husband, because Hayes and defendant were facing financial difficulties due to Hayes’s medical treatment. At the time, defendant and Hayes lived together on lot 2. When defendant attempted to renew the homeowner’s insurance on lot 2 in his own name shortly after Hayes’s death in 2010, the parties discovered that the deed to lot 1 conveyed a life estate interest to defendant and Hayes, whereas the deed to lot 2 contained no such provision. Defendant refused to execute a deed extinguishing his interest in lot 1 and plaintiff thereafter commenced this action seeking, among other things, reformation of the deed to that lot. In his answer to the complaint, defendant conceded that the conveyance of a life estate in lot 1 was an error, but asserted that it should have been included in the deed to lot 2 and interposed a counterclaim seeking reformation of that deed; he also alleged fraud by plaintiff.
Plaintiff moved for, among other things, partial summary judgment dismissing defendant’s counterclaims and defendant cross-moved for summary judgment as to his counterclaims. Supreme Court, as relevant here, partially granted plaintiff s motion, reforming the deed to lot 1 so as to remove the life estate interest conveyed therein, and denied defendant’s cross motion. Following a nonjury trial, Supreme Court granted judgment in defendant’s favor with respect to his reformation claim, but denied defendant’s fraud claim. Plaintiff now appeals and defendant cross-appeals.
We affirm. “When reviewing a decision following a nonjury trial, this Court independently evaluates the evidence and *1050 grants judgment as warranted by the record, giving due deference to the trial court’s credibility determinations concerning witnesses” (Haber v Gutmann, 64 AD3d 1106, 1107 [2009], lv denied 13 NY3d 711 [2009] [citations omitted]; see Magie v Preferred Mut. Ins. Co., 91 AD3d 1232, 1234 [2012]). To prevail on his reformation cause of action, defendant was required to demonstrate, by clear and convincing evidence, that due to a mistake, the deed to lot 2 does not reflect the agreement reached between the parties (see Carpenter v Morrette, 36 AD3d 1115, 1116 [2007]). Defendant contends that he and Hayes sold the property to plaintiff and conveyed a gift of their equity,[1] in exchange for a life estate in lot 2. Plaintiff, on the other hand, contends that there was no mutual mistake, as she never intended to convey a life estate to defendant. Instead, she alleges that the parties’ intent was that she would purchase the property and lease lot 2 to Hayes and defendant in exchange for the payment of monthly rent.
In support of his counterclaim, defendant testified that, at the time of the 2007 closing, he initially refused to execute the deed for lot 2 because it lacked a provision conveying a life estate, and plaintiff indicated that it must have been an oversight. Defendant testified that, after the deed was purportedly corrected, he signed it without realizing that the life estate provision had mistakenly been included in the deed for lot 1, rather than lot 2. Plaintiffs sister also testified that Hayes— who purportedly had a sometimes troubled relationship with plaintiff — told her on multiple occasions that Hayes and defendant were to retain a life estate in lot 2 and that plaintiff had acknowledged to her that they held such an interest in the property. In addition, defendant introduced into evidence a letter from plaintiffs lending institution to the law firm handling the real property transfer, which contained the notation “[p]arents to retain life use”; the firm’s former paralegal testified that she made such notation at the time she opened the file.
In her defense, plaintiff submitted, among other things, a contract of sale, a lease agreement purportedly signed by defendant and a single check from defendant with the notation that it was for “Aug[ust] Rent.”[2] However, defendant’s testimony, together with the testimony of a handwriting analyst, *1051 established that Hayes had signed defendant’s name to the contract and lease without his consent. Likewise, the testimony of the bank employee who handled the real property transaction and of the bank’s attorney that, among other things, bank policy would have required that defendant and Hayes be listed as mortgagors if a life estate had been conveyed was undermined by the fact that a life estate was conveyed in the deed for lot 1 — albeit inadvertently — without defendant and Hayes being included as mortgagors for that property.
In large part, plaintiffs argument on appeal centers on matters of witness credibility. After hearing the testimony and reviewing the evidence, Supreme Court credited defendant’s explanation of the events and determined that it was unlikely that defendant and Hayes would have transferred both lots to plaintiff in exchange for a lease agreement, which would have subjected them to a risk of eviction,[3] particularly in light of their tenuous financial circumstances and the purportedly troubled relationship between plaintiff and Hayes. Upon our review of the record and according due deference to Supreme Court’s credibility assessments (see Magie v Preferred Mut. Ins. Co., 91 AD3d at 1235), we find no cause to disturb that court’s determination that defendant established, by clear and convincing evidence, that the parties’ intent at the time of the transfer was that defendant and Hayes retain a life estate interest in lot 2.
Our decision herein renders academic defendant’s argument that his fraud counterclaim should not have been dismissed. To the extent that they are not specifically addressed herein, plaintiffs remaining contentions have been considered and are unavailing.
Mercure, J.E, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

. Defendant and Hayes executed two documents at the time of transfer, gifting a total of approximately $25,000 in equity to plaintiff.

. Defendant did not deny that he and Hayes attempted to make monthly payments to plaintiff, but testified that they were intended to help plaintiff with the mortgage payments and did not constitute rent. He explained that Hayes generally made the payments until her death and that the first time he *1051 made a payment after her death, he erroneously noted on the check that it was for rent.

. In fact, plaintiff later sought to evict defendant as part of the action now before us.