# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**214**
**CA 16-00989**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

RYAN NICASTRO, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

MARCUS & CINELLI, LLP, WILLIAMSVILLE (DAVID P. MARCUS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (ANTHONY G. MARECKI OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered December 16, 2015 in a breach of contract action.
The order denied the motion of plaintiff for partial summary judgment
and granted the cross motion of defendant for partial summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing defendant's seventh affirmative defense, and by denying the
cross motion, and reinstating plaintiff's claim for full replacement
cost, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action
seeking, inter alia, a determination that he is entitled to full
replacement cost coverage under the liability policy issued to him by
defendant for the loss sustained when a property that he owned was
destroyed by a fire. Three days after the fire, plaintiff, through
his agent, advised defendant that he "elect[ed] to exercise any
replacement cost options, which are or may become available."
Plaintiff moved for partial summary judgment seeking, inter alia,
dismissal of defendant's seventh affirmative defense, that plaintiff
is not entitled to replacement cost value because he did not make a
claim for replacement costs within 180 days of the loss and thus that
any claim would be untimely, and that the terms of the policy do not
entitle plaintiff to full replacement cost value. Defendant cross-
moved for partial summary judgment dismissing the complaint to the
extent that plaintiff alleges that he is entitled to full replacement
cost value of the property. Supreme Court denied plaintiff's motion
in its entirety and granted defendant's cross motion. We conclude
that the court erred in denying that part of plaintiff's motion
seeking dismissal of defendant's seventh affirmative defense and in

granting defendant's cross motion, and we therefore modify the order accordingly.

We agree with plaintiff that the provision requiring that a claim for indemnification of costs of repair or replacement be made within 180 days is ambiguous and therefore must be construed against defendant (*see White v Continental Cas. Co.*, 9 NY3d 264, 267; *Harrington v Amica Ins. Co.*, 223 AD2d 222, 228, *lv denied* 89 NY2d 808). "If an ambiguity exists, the insurer bears the burden of establishing that the construction it advances is not only reasonable, but also that it is the only fair construction . . . , viewed through the eyes of the average [person] on the street" (*Harrington*, 223 AD2d at 228 [internal quotation marks omitted]; *see Lachs v Fidelity & Cas. Co. of N.Y.*, 306 NY 357, 364, *rearg denied* 306 NY 941). Section five of the replacement cost provision of the policy provides: "**You** may make a claim for the actual cash value amount of the loss before repairs are made. A claim for any additional amount payable under this provision must be made within 180 days after the loss." The term "claim" is not defined in the policy. Plaintiff contends that he made a claim in compliance with the replacement cost provision by advising defendant three days after the loss that he would seek replacement costs for the premises. Defendant contends that plaintiff did not comply with that provision because it required that plaintiff make a "bona-fide" claim by "actually replacing and actually spending money in excess of the actual cash value within 180 days of the loss." We conclude that defendant failed to establish as a matter of law that its interpretation of the replacement cost provision of the policy is the "only fair construction" of the provision (*Harrington*, 223 AD2d at 228).

We further agree with plaintiff that, because he sustained a total loss rather than a partial loss, the coinsurance provisions in the policy providing for full replacement cost value only in the event that "the limit of liability on the damaged building is at least 80 percent of its replacement cost at the time of loss" do not apply. Instead, we agree with our colleagues in the Third Department in *Magie v Preferred Mut. Ins. Co.* (91 AD3d 1232, 1235, quoting *New York Life Ins. Co. v Glens Falls Ins. Co.*, 184 Misc 846, 849, *affd* 274 App Div 1045, *affd* 301 NY 506), that, "in New York, a coinsurance clause 'results in reducing the recovery in case of a partial loss, though in case of a total loss, the insurer is liable for the amount named in the policy.' " As the Court of Appeals explained with respect to a coinsurance clause, "[w]here either the loss or the insurance equals or exceeds 80 per cent of value, the clause has no effect, but when both are less, the insured and the insurer bear the loss in certain proportions. The amount of the insurance is not the variable factor, but the amount of loss. The amount of insurance is at all times the same, but when the loss is partial the insurer stands only a part, unless the insurance is for the full percentage, whereas if the loss is total, the insurer stands all, not exceeding the limit stated in the policy" (*Farmers' Feed Co. of N.J. v Scottish Union & Natl. Ins. Co.*, 173 NY 241, 247).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court