Magnano v Allegany Co-Op Ins. Co. (2020 NY Slip Op 05339)





Magnano v Allegany Co-Op Ins. Co.


2020 NY Slip Op 05339


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


391 CA 19-01333

[*1]LOUIS MICHAEL MAGNANO, PLAINTIFF-APPELLANT,
v
ALLEGANY CO-OP INSURANCE COMPANY, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






HOGANWILLIG, PLLC, AMHERST (SCOTT MICHAEL DUQUIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
STUART B. SHAPIRO, KENMORE, FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered January 2, 2019. The order granted the motion of defendant Allegany Co-Op Insurance Company for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant Allegany Co-op Insurance Company.
Memorandum: Plaintiff commenced this action seeking damages for breach of a homeowner's insurance policy. In his complaint, plaintiff alleged that his home suffered extensive damage as a result of a water leak in the second floor master bathroom. Plaintiff had a homeowner's insurance policy through defendant Allegany Co-Op Insurance Company (Allegany), which included coverage for water damage. Plaintiff notified Allegany of the loss and submitted a sworn statement in proof of loss, which contained a description of the damage to the home and a contractor's estimate of the cost to repair the damage, and a claim of loss in the amount of $72,748. Allegany disclaimed coverage of plaintiff's claim on, inter alia, the grounds that the claim was inflated and that there was prior damage to the home that was not disclosed to Allegany. Supreme Court granted the motion of Allegany for summary judgment dismissing the complaint against it. Plaintiff appeals, and we reverse.
We agree with plaintiff that Allegany failed to meet its initial burden on its motion of establishing as a matter of law that the claim was inflated (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). A policy may be voided if the insured " 'willfully and fraudulently placed in the proofs of loss a statement of property lost which [the insured] did not possess, or has placed a false and fraudulent value upon the articles which [the insured] did own' " (Saks & Co. v Continental Ins. Co., 23 NY2d 161, 165 [1968]; see Domagalski v Springfield Fire & Mar. Ins. Co., 218 App Div 187, 190 [4th Dept 1926]). "Incorrect information is not necessarily tantamount to fraud or material misrepresentation as the insurer must tender 'proof of intent to defraud—a necessary element to the
defense' " (Magie v Preferred Mut. Ins. Co., 91 AD3d 1232, 1233-1234 [3d Dept 2012], quoting Deitsch Textiles v New York Prop. Ins. Underwriting Assn., 62 NY2d 999, 1001 [1984]; see Azzato v Allstate Ins. Co., 99 AD3d 643, 646 [2d Dept 2012]; Kittner v Eastern Mut. Ins. Co., 80 AD3d 843, 847 [3d Dept 2011], lv dismissed 16 NY3d 890 [2011], 18 NY3d 911 [2012]). " '[U]nintentional fraud or false swearing or the statement of any opinion mistakenly held[, however,] are not grounds for vitiating a policy' " (Christophersen v Allstate Ins. Co., 34 AD3d 515, 516 [2d Dept 2006]).
Here, although Allegany's submissions in support of its motion demonstrate a disparity [*2]between the estimates of plaintiff's contractor and Allegany's assessor of the amount of damage and loss (see generally Magie, 91 AD3d at 1233-1234), the submissions fail to establish fraudulent intent on the part of plaintiff (cf. Azzato, 99 AD3d at 646). Plaintiff's proof of loss statement did not include duplicative items, unincurred expenses, or substantial sums of money that were unaccounted for (cf. Latha Rest. Corp. v Tower Ins. Corp., 38 AD3d 321, 321 [1st Dept 2007], lv denied 9 NY3d 803 [2007], cert denied 552 US 1010 [2007]), and the disparity between the damage estimate of plaintiff's contractor and the estimate of Allegany's assessor is not "so grossly excessive as to constitute false swearing and misrepresentation" (Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn., 97 AD2d 503, 505 [2d Dept 1983], affd 62 NY2d 969 [1984]; cf. Azzato, 99 AD3d at 646).
To the extent that the court based its determination on its finding that plaintiff's inclusion "in his claim [of] cabinets to replace those not damaged by water in this event" vitiated the insurance policy and prohibited plaintiff's recovery under the policy, we note that neither the estimate of plaintiff's contractor nor plaintiff's proof of loss statement specified an amount for the replacement of the cabinets. Thus, that part of the court's determination appears to be based on a credibility determination and, inasmuch as there is no evidence of any self-serving, incredible, or demonstrably false statements made by plaintiff (cf. Carthen v Sherman, 169 AD3d 416, 417 [1st Dept 2019]; Finley v Erie & Niagara Ins. Assn., 162 AD3d 1644, 1645-1646 [4th Dept 2018]), we conclude that this is not one of the "rare instances where credibility is properly determined as a matter of law" (Carthen, 169 AD3d at 417; see Ingarra v General Acc./PG Ins. Co. of N.Y., 273 AD2d 766, 768 [3d Dept 2000]).
Finally, Allegany failed to meet its burden of establishing as a matter of law that plaintiff breached the terms of the insurance policy by failing to disclose a previous insurance claim that he submitted for prior damage to the home (see generally Zuckerman, 49 NY2d at 562), and thus the burden never shifted to plaintiff with respect to that issue (see Pullman v Silverman, 28 NY3d 1060, 1062 [2016]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court